

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,469-01

### EX PARTE WILLIE CHARLES WALKER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W15-50911-I(A) IN THE CRIMINAL DISTRICT COURT NUMBER TWO FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault of a child under seventeen and sentenced to fifteen years' imprisonment. He did not appeal his conviction.

Applicant contends, *inter alia*, that his plea was involuntary due to the ineffective assistance of his trial counsel. The State responded to Applicant's allegations by asserting, in pertinent part:

> It is the State's position that Applicant has failed to prove that defense counsel rendered ineffective assistance under *Strickland*. Beyond the self-serving allegations in his application, Applicant presents no proof in support of his contentions. Nevertheless, the State recognizes that further evidence regarding counsel's representation may be needed. Thus, the State requests that this Court issue

an order designating issues and gather evidence, as is customary, by way of affidavit from defense counsel, Ms. Robbie McClung, which provides the information need to dispose of Applicant's claims. Pending production of evidence supporting Applicant's allegations, the State denies Applicant's allegations.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that hisplea was involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 18, 2017

Do not publish